IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OCTZAVIUS NEKEITH WEAVER, #85950                                              PETITIONER

VS.                                             CIVIL ACTION NO.  3:15cv276-CWR-FKB

WARDEN MARSHALL TURNER                                                       RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on the Respondent's Motion to Dismiss [14] filed pursuant to 28 U.S.C. § 2244(d), to which the Petitioner failed to respond.  For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

I.  FACTS AND PROCEDURAL HISTORY

On July 18, 2006, a jury convicted Weaver of armed robbery (Count I) and possession of a firearm by a convicted felon (Count II) in the First Judicial District of the Circuit Court of Hinds County, Mississippi.  The trial court sentenced Weaver, a habitual offender pursuant to Mississippi Code Annotated § 99-19-83, to two (2) concurrent terms of life imprisonment.  *See* [14-1].  The Mississippi Court of Appeals affirmed Weaver's convictions and sentences on September 23, 2008.  [14-2].  Weaver's motion for rehearing was denied by the Mississippi Court of Appeals on December 11, 2008, [14-3], and he did not file a petition for writ of *certiorari* in the Mississippi Supreme Court.  Weaver also did not file a petition for post-conviction collateral relief under Mississippi Code Annotated §§ 99-39-1 to -29. [1] at 4, [9, 11].

Weaver filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court when he signed it on April 8, 2015.[1]  The State responded with its Motion to Dismiss [14]

---

[1]"For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper*

with related exhibits, arguing that the petition is untimely. Petitioner has not responded to the Motion to Dismiss. The Court now turns to consider the Motion and related exhibits.

## II. DISCUSSION

Weaver asserts five separate bases for relief in support of his position that a writ of habeas corpus should be granted in his favor. For reasons explained below, the Court finds that Weaver's petition is untimely, therefore it will not address the merits of his arguments.

The State points to 28 U.S.C. § 2244(d) as the source of its position. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

*v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Asserting that Weaver's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), the State argues that the petition is untimely. A review of the relevant dates shows that the State is correct.

Weaver's conviction became final on Monday, December 29, 2008, when his time period for seeking a petition for writ of *certiorari* before the Mississippi Supreme Court expired.[2] Under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2),[3] Weaver's application for a writ of habeas corpus was due in this Court within one year, or by December 29, 2009. Weaver's petition was signed on April 8, 2015, and received by the court on April 10, 2015. Thus, Weaver's petition was filed over five (5) years after the December 29, 2009, deadline for filing his federal habeas petition.

---

[2]The Fifth Circuit has ruled that a prisoner who does not seek discretionary review from the state's highest court does not receive the benefit of the ninety-day period for seeking a writ of *certiorari* from the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003). Thus, for a prisoner who stops his appeal process at the Mississippi Court of Appeals, a conviction becomes final when the time for seeking review from the Mississippi Supreme Court expires. Pursuant to Mississippi Rule of Appellate Procedure 17(b), the time for seeking review from the Mississippi Supreme Court expires within fourteen days of the entry of judgment by the Court of Appeals, or the disposition of a petition for rehearing by that court. In Weaver's case, the Mississippi Court of Appeals denied his motion for rehearing on December 11, 2008. Fourteen days from December 11, 2008, was Christmas Day, Thursday, December 25, 2008. Weaver's petition for writ of *certiorari* was, therefore, due by the next available business day, which was Monday, December 29, 2008.

[3]As mentioned above, Weaver did not file a petition for post-conviction collateral relief and therefore is not entitled to tolling under 28 U.S.C. § 2244(d)(2).

Weaver, furthermore, is not entitled to equitable tolling of the federal statute of limitations. After waiting over five years to file the instant petition, Weaver pins his failure to pursue a timely "petition"–be it a petition for writ of *certiorari* before the Mississippi Supreme Court, a motion for post-conviction relief in state court, or a petition for habeas corpus relief in this Court–on his appellate counsel's failure to pursue appeals or collateral relief on his behalf. This alleged failure by appellate counsel does not warrant equitable tolling, as there is no right to counsel in discretionary state appeals or collateral relief. *See Wainwright v. Torna*, 455 U.S. 586, 586 (1982); *see also Ross v. Moffitt*, 417 U.S. 600 (1974)(right to counsel at early stages of a criminal procedure does not carry over to discretionary appeal provided by state law from intermediate appellate court to state supreme court); *Murray v. Giarratano*, 109 S.Ct. 2765 (1989)(there is no constitutional right to counsel in state post-conviction proceedings). In addition, Weaver cites no "rare and exceptional circumstances" justifying equitable tolling.[4] Accordingly, his petition is untimely under 28 U.S.C. § 2244, and, therefore, must be dismissed.

## III. CONCLUSION

Accordingly, as discussed above, the Respondent's Motion to Dismiss should be granted, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed

---

[4] "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999)(quoting *Rashidi v. American President Lines*, 96 F.3d 124 128 (5th Cir. 1996). "Equitable tolling will be granted in 'rare and exceptional circumstances, ' and will not be granted if the applicant failed to diligently pursue his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004)(citations omitted); *see also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999)(In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.). Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. *Larry*, 361 F.3d at 897.

findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 2nd day of December, 2015.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE